UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER M. ALLEN | : | |
|     Plaintiff, | : | PRISONER CASE NO. |
| | : | 3:18-cv-297 (JCH) |
| v. | : | |
| | : | |
| CAPTAIN J. KUNKEL, et al. | : | APRIL 2, 2018 |
|     Defendants. | : | |
| | : | |

**RULING RE: MOTION TO AMEND COMPLAINT (Doc. No. 13) AND
REVIEW OF AMENDED COMPLAINT**

On February 20, 2018, the plaintiff, Christopher M. Allen ("Allen"), an inmate currently housed at MacDougall-Walker Correctional Institution ("MWCI") in Suffield, Connecticut, filed a complaint pro se pursuant to title 42, section 1983 of the United States Code against Captain J. Kunkel, Correctional Counselor Jessica Bennet, and Correction Officer Irizarry. This court issued its Initial Review Order on March 13, 2018, dismissing all claims against Bennet but permitting Allen's free exercise of religion claims under the First Amendment to the United States Constitution, Article First, section 3 of the Connecticut Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, to proceed against Kunkel and Irizarry. Initial Review Order (Doc. No. 7) at 12. Kunkel and Irizarry have not yet submitted their responses to the Complaint.

On March 26, 2018, Allen filed the instant Motion for Leave to File a Joinder of Claims and Additional Counts, which this court construes as a motion to amend his Complaint. Motion to Amend ("Mot. to Am.") (Doc No. 13). He attached a proposed amended complaint which adds similar religious freedom claims against ten new

defendants: Steven Strom, Attorney O'Brasky, Reverend Williams, Director Karl Lewis, Counselor Supervisor John Aldi, Warden Scott Erfe, Director Michael Bibens, Warden William Mulligan, Deputy Warden Mudano, and Commissary Service Manager Failla. Amended Complaint ("Am. Compl.") (Doc. No. 13-1) at ¶¶ 7–16. All of these defendants are state officials and are being sued in their individual and official capacities. Id. Allen also seeks to add a claim that Kunkel and Irizarry violated his "right to choose a nationality under Article 15(1) and (2) of the Universal Declaration of Human Rights." Id. at ¶ 39.

The court first addresses Allen's Motion to Amend, which is granted, and then reviews his Amended Complaint as mandated by Title 28 section 1915A of the United States Code.

## I. MOTION TO AMEND COMPLAINT

A plaintiff may amend his complaint once as a matter of right within twenty-one days after service of the complaint or within twenty-one days after service of a responsive pleading (i.e., an answer or a motion to dismiss), whichever is earlier. See Fed. R. Civ. P. 15(a)(1)(A) and (B); Gaughan v. Rubenstein, 261 F. Supp. 3d 390, 399 (S.D.N.Y. 2017). In all other cases, a plaintiff may amend a complaint only with the court's leave. Fed. R. Civ. P. 15(a)(2). The court's permission to amend a complaint "shall be freely given when justice so requires." Id. It is generally appropriate to grant a motion to amend unless there is an "apparent or declared" reason not to, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

2

party by virtue of the allowance of the amendment, [or] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). "This relaxed standard applies with particular force to pro se litigants." Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir. 1999).

In this case, Allen is entitled to amend his Complaint as a matter of right because he filed his Motion to Amend (Doc. No. 13), with Proposed Amended Complaint (Doc. No. 13-1) within twenty-one days after service of the initial Complaint (Doc. No. 1). Therefore, the court grants his Motion to Amend the Complaint.

## II. REVIEW OF AMENDED COMPLAINT

Pursuant to title 28 section 1915A of the United States Code, this court must review civil complaints filed by prisoners and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. See Bell Atlantic v. Twombly, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

3

A. Factual Allegations

Allen makes substantially the same factual allegations against Kunkel, Irizarry, and Bennet in his Amended Complaint that he made in his original Complaint, as follows:

Allen is a devout Moorish-American and diligently practices his Moorish religion. Am. Compl. (Doc. No. 13) at ¶ 22. The staff at MWCI permits inmates of the Moorish Science religion to practice their faith on an individual basis with books, religious newspapers, audio recordings, and other items. Id. at ¶ 23. The staff also allows individual clergy visits on occasion. Id.

Another Moorish-American inmate gave Allen a list of books on their religion but told him that one of the books, Nationality, Birthrights, and Jurisprudence by Bandele El-Amin, was not approved for inmate access by the Media Review Committee ("MRC") at MWCI. Am. Compl. at ¶ 24. This book explains the legal process for becoming a Moorish-American, which Allen must claim as his nationality in order to be recognized as a member of the Moorish Science Temple of America. Id. at ¶ 31 n.1. Captain Kunkel is the head of the MRC and Irizarry is a committee member. Id. at ¶ 29. Allen submitted an inmate request to C.T.O. Perry inquiring about the book, and Perry responded by confirming that it was on the MRC's rejection list. Id. at ¶¶ 25–26.

Upon further investigation, Allen learned that the MRC did not approve the book because it "encourages and/or instructs on the commission of criminal activities." Am. Compl. at ¶ 27. Offended by the MRC's reasoning, Allen filed a grievance claiming that banning the book abridged his right to freely practice his religion. Id. at ¶ 28. Kunkel,

4

Irizarry, and Bennet, the grievance coordinator, "ignored [Allen's] grievance." Id. at ¶ 29. Allen never received a response to his grievance, and the issue regarding the book was never resolved. Id. at ¶¶ 30–31.

With respect to the ten newly-added defendants, Allen makes the following factual allegations:

Shortly after learning about the rejection of the book, Allen submitted a written request to Reverend Williams, the Director of Religious Services for the Department of Correction, seeking to purchase a "fez" for religious practice. Am. Compl. at ¶ 32. A fez is a headdress symbolizing spiritual and physical aspects of life and is an essential component of the Moorish religion. Id. at ¶ 34 n.2. On February 12, 2018, Allen received a written correspondence from Director Lewis stating that all ten members of the Religious Review Committee ("RRC")—Strom, O'Brasky, Williams, Lewis, Aldi, Erfe, Bibens, Mulligan, Mudano, and Failla—denied his request to purchase a fez "due to safety and security concerns." Id. at ¶ 34. Allen appealed the RRC's decision, arguing that the fez was an essential component of his religion and that their safety and security concerns were unfounded, but his appeal was denied. Id. at ¶¶ 35–36.

B. Joinder of New Defendants

Allen seeks to join the ten new defendants to his action for monetary, declaratory, and injunctive relief for violations of his rights to freely exercise his religion under the First Amendment Free Exercise Clause, the RLUIPA, and Article First, section 3 of the Connecticut Constitution. See Am. Compl. at ¶¶ 37, 41. Rule 20 of the Federal Rules of Civil Procedure permits joinder of multiple defendants in a single

action only if two criteria are satisfied: (1) the claims must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." Kehr ex rel. Kehr v. Yamaha Motor Corp., U.S.A., 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008).

Although Kunkel's and Irizarry's rejection of the book and the new defendants' rejection of the fez occurred at separate times and in response to separate requests, both allegedly burdened Allen's ability to practice his Moorish religion and are sufficiently related to grant joinder. Moreover, Allen raises the same three religious liberty claims against all twelve defendants. Therefore, the court will permit the joinder of Strom, O'Brasky, Williams, Lewis, Aldi, Erfe, Bibens, Mulligan, Mudano, and Failla as defendants to this action. Construing Allen's new allegations liberally, the court will permit the First Amendment free exercise claim and the state constitutional claim to proceed against those defendants in their individual capacities for damages and in their official capacities for declaratory and injunctive relief. The court will also permit Allen's RLUIPA claim to proceed against those same defendants but only in their official capacities for declaratory and injunctive relief because RLUIPA "does not authorize monetary damages against state officers in either their official or individual capacities." Holland v. Goord, 758 F.3d 215, 224 (2d Cir. 2014); Washington v. Gonyea, 731 F.3d 143, 144 (2d Cir. 2013).

C. <u>Claim for Violation of Right to Choose a Nationality</u>

In his Amended Complaint, Allen adds a claim that Kunkel and Irizarry "violated [his] right to choose a nationality under Article 15(1) and (2) of the Universal Declaration of Human Rights." Am. Compl. ¶ 39. Courts in this Circuit have held that the Universal Declaration of Human Rights does not provide a basis for a section 1983 claim. <u>Wright v. Malloy</u>, 16 Civ. 1179 (SRU), 2016 WL 7115933, *3 (D. Conn. Dec. 6, 2016); <u>Jones v. Howard</u>, 15 Civ. 997 (VAB), 2015 WL 4755751, *3 (D. Conn. Aug. 11, 2015); <u>Chinloy v. Seabrook</u>, 14 Civ. 350 (MKB), 2014 WL 1343023, *4 (E.D.N.Y. Apr. 3, 2014). "Although that document possesses 'moral authority,' it does not 'impose obligations as a matter of international law.'" <u>Wright</u>, 2016 WL 7115933, at *3 (quoting <u>Sosa v. Alvarez-Machain</u>, 542 U.S. 692, 734–35 (2004)); <u>see also</u> <u>Flores v. Southern Peru Copper Corp.</u>, 414 F.3d 233, 262 (2d Cir. 2003) (noting that the Universal Declaration of Human Rights is not binding on the United States). Therefore, Allen lacks a legal authority for his claim that Kunkel and Irizarry violated his right to choose his nationality under the Universal Declaration of Human Rights, and that claim is dismissed.

D. <u>Claims Against Bennet</u>

This court dismissed all claims against Bennet in its Initial Review Order because Allen failed to sufficiently allege her personal involvement in the rejection of the book or her authority to provide any declaratory or injunctive relief. <u>See</u> Initial Review Order at 7–8. Allen's Amended Complaint does not state any additional factual allegations or claims against Bennet. Therefore, to the extent Allen alleges claims against Bennet in his Amended Complaint, those claims are dismissed.

**ORDERS**

(1) Allen's Motion to Amend the Complaint (Doc. No. 13) is **GRANTED**. The Clerk is directed to docket the Amended Complaint (Doc. No. 13-1) as a separate entry entitled "Amended Complaint."

(2) The clerk is directed to add the following state officials as defendants to this action: Steven Strom, Attorney Nancy O'Brasky, Reverend Williams, Karl Lewis, John Aldi, Scott Erfe, Michael Bibens, William Mulligan, Deputy Warden Mudano, and Commissary Service Manager Failla. The free exercise of religion claims under the First Amendment to the United States Constitution and Article First, section 3 of the Connecticut Constitution shall proceed against those defendants in their individual capacities for damages and in their official capacities for declaratory and injunctive relief. The RLUIPA claim shall proceed against those defendants in their official capacities for declaratory and injunctive relief. The claim for violation of the Universal Declaration of Human Rights is dismissed. All claims against Bennet remain dismissed.

(3) Within **twenty-one (21) days** of this Order, the Clerk shall mail a waiver of service request packet containing the Amended Complaint (Doc. No. 13-1) to Steven R. Strom, State of Connecticut, Office of the Attorney General, 110 Sherman Street, Hartford, CT 06105. The Clerk shall verify the business addresses of the other nine defendants (O'Brasky, Williams, Lewis, Aldi, Erfe, Bibens, Mulligan, Mudano, Failla) as stated on pages 4 to 6 of the Amended Complaint with the Department of Correction Office of Legal Affairs and mail a waiver of service request packet containing the Amended Complaint to those defendants at the confirmed addresses within **twenty-one**

**(21) days** of the date of this order. The Clerk shall report to the court on the status of the waiver requests on the **thirty-fifth (35th) day** after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service on him/her, and he/she shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The Clerk shall prepare a summons form and send an official capacity service packet to the United States Marshals Service. The United States Marshal Service shall, within **twenty-one (21) days** of the date of this Order, serve the documents on Strom, O'Brasky, Williams, Lewis, Aldi, Erfe, Bibens, Mulligan, Mudano, and Failla in their official capacities by delivering the necessary documents to the Office of the Attorney General, 55 Elm Street, Hartford, Connecticut 06141, and file a return of service within **thirty (30) days** from the date of this Order.

(5) The newly added defendants shall file their response to the Amended Complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules of Civil Procedure.

**SO ORDERED.**

Dated this 2nd day of April 2018 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge